**Lazaros SKARPELIS, Plaintiff,**

v.

**Liberian M/T ARTHUR P., etc., et al., Defendants.**

**Civ. A. No. 1380–NN.**

United States District Court
E. D. Virginia,
Newport News Division.

March 7, 1969.

Burt M. Morewitz, Newport News, Va., for plaintiff.

Virgil S. Gore, Jr., Seawell, McCoy, Winston & Dalton, Norfolk, Va., for defendants.

## MEMORANDUM OPINION

MacKENZIE, District Judge.

This complaint in admiralty urges that the plaintiff seaman, a Greek National, is entitled to maintain this action in the United States District Court for the Eastern District of Virginia, in a dispute over $280.00 in wages allegedly illegally withheld from him upon his discharge from the M/T ARTHUR P. in Spain on March 11, 1968. The vessel is of Liberian registry, is owned by Astrocielo Compania Naviera, S.A., a Panamanian corporation, and is operated by Atlantic Maritime Enterprises Corporation, a corporation presumably organized in some state other than Virginia.

■ The owner and operator both file motions to quash service of process against them served on the Clerk of the State Corporation Commission under Title 8–60, Code of Virginia, 1950, as amended, on the grounds that the defendants were not doing business in Virginia.

The evidence is that the M/T ARTHUR P. is the only vessel owned by the defendant, Astrocielo Compania Naviera, S.A., a Panamanian corporation, and that it was in the port of Newport News, in this judicial district for one day, March 2, 1966, and for six hours on December 15, 1967. Likewise, the M/T ARTHUR P. is the only vessel operated by Atlantic Maritime Enterprises Corporation which has called at Newport News and only for the two brief periods noted above. On the basis of its charter hire of $57,650.00 per month, the defendants claim that the rental applicable to the total time of only thirty hours in this port in two years is less than one-fourth of one percent of the time charter payments paid to the owner. On other projected figures, it appears that 1.7% of the carriage business of the vessel was done in Virginia in 1966–67, and no business in this state in 1968.

■ Of the $130.00 allegedly illegally deducted from the pay of the plaintiff in Boston, Massachusetts, on December 31, 1967, the plaintiff's counsel argues that a portion of such sum (apparently $2.64) could be attributable to the time plaintiff was aboard during the six hour visit to Newport News on December 6, 1967, and that therefore a portion of his claim arose in Virginia. We reject this argument.

Plaintiff's counsel urges that the case of Groundas v. SS Vrontados Pioneer

(E.D.Va., C/A 1424–NN, Hoffman, J.) is authority for the proposition that this defendant is doing business in Virginia. A review of that case indicates that the defendant, Pacific Steamship Agency, Inc. had some eight other vessels operating in and out of Hampton Roads during the period in question. That case is distinguishable from the matter at bar.

On the other hand, in Pappas v. SS Aristides, 249 F.Supp. 692 (E.D.Va. 1965), Judge Hoffman found that where the cause of action did not arise in Virginia (it arose in North Carolina), that two five day visits (over a five year period) of another vessel owned by the defendant in 1961 and 1963, both prior to the cause of action, were not sufficient to confer jurisdiction under a "doing business" theory.

Nor do we find our decision here contrary to the ruling of Gkiafis v. SS Yiosonas, 342 F.2d 546 (4 Cir. 1965), wherein Judge Sobeloff held that four visits of the vessel to Maryland prior to the accident and one visit after the accident, was enough to confer jurisdiction under the "doing business" theory in favor of a Maryland resident in a cause of action which arose in Maryland.

Here the cause of action did not arise in Virginia; the contacts of the defendants with the state consist of only two visits totalling thirty hours over a period of several years, and both of these visits prior to the complaint; the plaintiff is not and has never been a resident of Virginia and nothing in Virginia could be ascribed as adding any force to an argument that this forum would lend any convenience to a Greek National to adjudicate any legal or factual issues relating to this claim.

Counsel for defendants will prepare a proper order sustaining their motion to quash service on the grounds as expressed in this Memorandum Opinion that they were not "doing business" in Virginia.